UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THISHA R. COHEN,

          Plaintiff,               CIVIL ACTION NO. 05-74344

        v.                   DISTRICT JUDGE PAUL D. BORMAN

PHH MORTGAGE CORPORATION,     MAGISTRATE JUDGE VIRGINIA MORGAN
f/k/a CENDANT MORTGAGE CORP.,
d/b/a COLDWELL BANKER MORTGAGE,

          Defendant.
_____/

**REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION TO DISMISS**

      This matter is before the court on the motion of defendant PHH Mortgage Corporation to

dismiss the complaint. Plaintiff filed this action *in pro per* alleging that defendant failed to

deliver to her a Notice of Right to Rescind or Cancel and other similar forms. She references a

Loan Modification Agreement but provides no further information is provided. She alleges a

variety of violations of federal law and seeks $2000.00 per violation. Defendant seeks dismissal

on the ground that the complaint fails to meet minimum standards under FRCP Rule 8(a) in that

it does not set forth a short and plain statement of the claim showing that the pleader is entitled

to relief. Plaintiff filed a response. Defendant filed a reply. The court scheduled the matter for

oral argument. Plaintiff did not appear; defense counsel attended and argued the motion. For the

- 1 -

reasons set forth in this opinion, it is recommended that the motion be granted and the case dismissed.

Defendant seeks dismissal on the grounds of FRCP 12(b)(6), that is the complaint fails to state a claim upon which relief can be granted. Essentially, defendant argues that the absence of either direct or inferential allegations with a factual basis to sustain a recovery under some viable legal theory mandates dismissal. The court agrees.

It must be recognized that where a plaintiff is pro se, courts hold that such complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972). These complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980). Courts are reluctant to dismiss on procedural grounds alone. However, it is not the role of the court to guess the nature of the claim(s) asserted. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

The court has carefully examined the complaint and while it contains reference to Truth in Lending statutes and various citations to the United States Code, it fails to identify any relevant transaction, a date and location, the circumstances under which defendant was involved, or any other specific references to conduct which could generate a claim or give rise to federal jurisdiction. Plaintiff has been given several opportunities to remedy the lack of clarity in her

complaint and has not only failed to do so, but has also failed to appear for court proceedings after having received notice.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure:  "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of any claim against him. . . ." In Link v. Wabash Railroad Company, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of prosecution sua sponte.  See also, Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).  The Supreme Court in Link, supra, held that:

> "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

Link, 370 U.S. at 629-630, 82 S.Ct. at 1388-1389.

The Supreme Court in Link, supra, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void.  Link, 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order entered without notice and a preliminary adversary hearing offends due process.  Link, 370 U.S. at 632, 82 S.Ct. at 1389.  The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the

- 3 -

knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Link, 370 U.S. at 632, 82 S.Ct. 1390.  In the case-at-bar, as in Link, supra, the plaintiff should have been aware of the consequences of her actions in failing to move this litigation forward since July, 2006.

It should be noted that the principle of allowing dismissal of a case for lack of prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court calendars, and providing meaningful access for other prospective litigants to overcrowded courts.  Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2nd Cir. 1982).

Accordingly, it is recommended that the defendant's motion to dismiss be granted and case be dismissed with prejudice and without costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

- 4 -

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.


S/VIRGINIA M.  MORGAN
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 28, 2006.

s/Kendra Byrd
Case Manager to
Magistrate Judge Virginia M. Morgan

- 5 -